**AMENDED** Complaint Brought Pursuant to 42 U.S.C. sec. 1983 for False Arrest, False Imprisonment, Intentional Infliction of Emotional Distress, Conspiracy and Negligence

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

MALCOLM SHEPPARD

                                Plaintiff                                    CIVIL ACTION:

v.

THE CITY OF NEW YORK,
NEW YORK POLICE DEPARTMENT (TRANSIT BUREAU DISTRICT 11)
POLICE OFFICER HENRIQUEZ (BADGE #8321)

                                                                      VERIFIED COMPLAINT
                                                                         JURY CLAIM
                                                                    AS TO ALL COUNTS

                              Defendants

_____

## INTRODUCTION

Malcolm Sheppard ["SHEPPARD"] a resident of New York County, State of New York asserts the following claims against the defendants in the above-entitled action:

1. Violation of 42 U.S.C. 1983: False Arrest
2. Violation of 42 U.S.C. 1983: False Imprisonment
3. Intentional Infliction of Emotional Distress
4. Violation of 42 U.S.C. 1983: Conspiracy
5. Negligence

## JURISDICTION

1. Jurisdiction of this court arises under 28 U.S.C. secs 1331, 1337, 1343(a), and 1367(a); 42 U.S.C. secs. 1983, 1985, 1986, and 1988; and 18 U.S.C. 1961-1968.

2. Jurisdiction of this court for the pendent claims is authorized by F.R Civ.P 18(a), and arises under the doctrine of pendent jurisdiction as set forth in United Mine Workers v. Gibbs, 383 U.S. 715 (1966).

**PARTIES**

3. Plaintiff Malcolm Sheppard [hereinafter "SHEPPARD"] is a natural person residing in New York, New York, United States of America; was a resident of New York County during all relevant times of this action.

5. Defendant City of New York (hereinafter "CITY") is a properly incorporated city in the State of New York

6. Defendant New York Police Department (hereinafter "NYPD") is an authorized agency of the City of New York

7. Defendant Police Officer Henriquez(hereinafter "HENRIQUEZ") is an employee of the New York Police Department.

8. At all times material to this Complaint, Defendants CITY and the NYPD acted toward Plaintiff under color of the statutes, ordinances, customs and usage of the City and State of New York.

9. At all relevant times, quotations as to violations of specific Constitutional Amendments are discussed as incorporated under the Fourteenth Amendment, with respect to non-federal actors.

**FACTS**

10. On July 22, 2014, at approximately 12:00pm, SHEPPARD was at the entrance to the 4 train station in the county of the Bronx at the Burnside Avenue location.

11. Upon legally going through the turnstyle, Police Officer HENRIQUEZ stopped SHEPPARD and asked for identification.

12. SHEPPARD complied without hesitation and provided HENRIQUEZ his identification.

13. Upon running the identification, HENRIQUEZ informed SHEPPARD that he had an outstanding warrant stemming from a 1982 summons.

14. Believing that he had previously addressed that summons, SHEPPARD stated to HENRIQUEZ that there must be an error with the NYPD computer system.

15. Nonetheless, HENRIQUEZ informed SHEPPARD that he had to arrest and handcuff him. SHEPPARD complied without incident.

16. Upon being handcuffed behind his back, SHEPPARD was led out of the train station to an awaiting police van near the Burnside Avenue train station.

17. Upon being led into the van, SHEPPARD stumbled while getting in due to a loose faulty step on the side of the van used to gain access.

18. Upon stumbling, SHEPPARD twisted his right knee causing severe pain and discomfort.

19. Additionally, upon the handcuffing of SHEPPARD by HENRIQUEZ, HENRIQUEZ failed to "lock" the handcuffs so that they did not continue to tighten as they were around the wrists of SHEPPARD.

20. As SHEPPARD was transported to the NYPD Transit Bureau District 11 inside the 161st Street 4 train station, the aforementioned handcuffs continued to tighten around the wrists of SHEPPARD with each bump and pothole the police van hit, causing severe pain and discomfort.

21. Upon reaching the NYPD Transit Bureau District 11, SHEPPARD briefly sat and was then transported to the Bronx Criminal Court Building located at 215 East 161st Street. SHEPPARD continued to proclaim that he did not have an outstanding warrant.

22. After reaching the arraignment part in the Bronx Criminal Court Building, SHEPPARD continued to proclaim that he did not have an outstanding warrant and pleaded with the on duty court officers to check with the clerk regarding the legitimacy of the warrant at issue.

23. Before seeing the judge, the clerk confirmed that SHEPPARD was correct and that the 1982 matter at issue was resolved and no warrant existed.

24. Consequently the handcuffs were removed and SHEPPARD was immediately released.

25. However, due to the faulty van step and the tightening of the cuffs, SHEPPARD sustained torn meniscus in his right knee ultimately requiring orthoscopic surgery and a ligament tear in his left wrist.

**COUNT 1: VIOLATIONS OF 42 U.S.C. 1983: FALSE ARREST**

26. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 25 above with the same force and effect as if herein set forth.

27. At all times relevant herein, the conduct of the Defendants were subject to 42 U.S.C. sections 1983, 1985, 1986 and 1988.

28. Acting under color of law, Defendant's engaged in a denial of SHEPPARD's rights, privileges or immunities secured by the United States Constitution or by Federal Law, as incorporated by the 14th amendment.

28. There was no probable cause for the July 22, 2014 arrest and temporary incarceration of SHEPPARD and as a result his constitutional rights were violated.

29. As a result of the Defendant's unlawful and malicious action SHEPPARD was temporarily deprived of both his liberty without due process of the law and his right to equal protection of the laws, and the due course of justice was impeached, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. section 1983.

WHEREFORE, Plaintiff demands judgment for the false arrest against all the Defendant's jointly and severally, for the actual, general, special, compensatory damages in the amount of $100,000.00 and further demands judgment against each of said defendants, jointly and severally for punitive damages in the amount of $100,000.00 plus the costs of this action, including attorney's fees, and such actual relief deemed to be just and equitable.

"Punitive damages are recoverable in sec. 1983 suit where defendant's conduct is motivated by an evil motive or intent, or where it involves reckless of callous indifference to plaintiff's federally protected rights." *Smith v. Wade*, 461 U.S. 30, 50-51 (1983). *Clark v. Taylor*, 710 F.2d 4, 14 (1st Cir. 1983). Miga, supra at 355.

**COUNT 2: VIOLATIONS of 42 U.S.C. 1983: FALSE IMPRISONMENT**

30. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 29 above with the same force and effect as if herein set forth.

31. As a result of the unlawful arrest of SHEPPARD for which there was no probable cause, he was deprived of his liberty and temporarily without justification or consent, whereby Defendants deprived SHEPPARD of his liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. sec. 1983.

WHEREFORE, Plaintiff demands judgment for the false detention and confinement against all the Defendant's jointly and severally, for actual, general, special and compensatory damages in the amount of $100,000.00 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $100,000.00 plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

**COUNT 3: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

32. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 31 above with the same force and effect as if herein set forth.

33. Defendants intentional and reckless conduct resulted in the temporary incarceration of SHEPPARD.

WHEREFORE, Plaintiff demands judgment against all Defendants for actual, special and compensatory damages in an amount deemed at time of trial to be just, fair, and appropriate.

**COUNT 4: VIOLATIONS OF 42 U.S.C. 1983: CONSPIRACY**

34. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 33 above with the same force and effect as if herein set forth.

35. At all times relevant to this Complaint, the Defendants engaged in a conspiracy in furtherance of illegal behavior in allowing the false arrest of SHEPPARD.

36. Defendants had knowledge or, had they diligently exercised their duties to instruct, supervise, control and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done as heretofore alleged, were about to be committed.

37. Defendants had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed to do so.

38. Defendants directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless and wanton conduct heretofore described.

39. As a direct and proximate cause of the negligent and intentional acts of the Defendants, as set forth in paragraphs 1-33 above, Plaintiff suffered loss of physical liberty, physical injury and severe mental anguish in connection with the deprivation of his constitutional and statutory rights guaranteed by the Fourteenth Amendment of the Constitution of the United States and protected by 42 U.S.C. sec. 1983.

WHEREFORE, Plaintiff demands judgment against all Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $100,000.00 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $100,000.00, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

**COUNT 6: NEGLIGENCE**

40. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 39 above with the same force and effect as if herein set forth.

41. Defendants owed a duty to pursue criminal actions only against suspects for which there is sufficient probable cause that the suspect had committed the criminal offense in question.

42. Defendants breached that duty to SHEPPARD when they arrested him for a warrant that did not truly exist

43. Additionally, Defendants owed a duty to SHEPPARD to make sure all functions of the police van in which they transported him in were safe such that SHEPPARD did not injure himself getting in or remaining in said van.

44. The failure of Defendants to make sure the police van was in safe working order was a breach of the aforementioned duty.

45. As a result of the breach, which was the actual and proximate cause of SHEPPARD's injury, SHEPPARD suffered harm and damages.

46. Defendants also owed a duty to SHEPPARD to properly handcuff him in such a way that kept SHEPPARD secure for the safety of the police officers without causing unnecessary injury to SHEPPARD.

47. The failure of HENRIQUEZ to correctly lock the handcuffs that were used on SHEPPARD was a breach of the aforementioned duty.

48. As a result of the breach, which was the actual and proximate cause of SHEPPARD's injury, SHEPPARD suffered harm and damages.

49. Defendants are also liable under the doctrine of *Respondeat Superior*.


WHEREFORE, Plaintiff demands judgment against Defendants for actual, special, compensatory and punitive damages, attorney's fees, costs, expenses, and interest in an amount deemed at time of trial to be just, fair and appropriate.


Respectfully submitted,

Malcolm Sheppard
By his attorney
August 4, 2015


_____/s/_____
Conway C. Martindale II
Martindale & Associates, PLLC
380 Lexington Avenue, 17th Floor
New York, NY 10168
212-405-2233